IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 4:15-cr-95-BHH |
| | ) | Civil No: 4:16cv1181 BHH |
| Rodeques Lamont Wilson, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

This matter is before the Court upon Rodeques Lamont Wilson's ("Movant" or "Wilson") pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Wilson raises various claims of ineffective assistance of counsel, and he asserts that the Court lacked subject matter jurisdiction to sentence him. The government filed a response in opposition and a motion for summary judgment. For the reasons stated below, the Court denies Wilson's § 2255 motion and grants the government's motion for summary judgment.

## **BACKGROUND**

Wilson was charged in counts one and 14 of a 14-count, multi-defendant indictment on February 26, 2015. Specifically, count one charged Wilson with conspiracy to possess with intent to distribute 280 grams of cocaine base and five kilograms of cocaine, in violation of 21 U.S.C. § 846. Count 14 charged Wilson with possession with intent to distribute and distribution of a quantity of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Wilson faced a penalty of ten years to life on count one, and because he had a prior felony drug conviction, the government could have filed an information pursuant to 21

U.S.C. § 851, which would have raised Wilson's mandatory minimum jail sentence to 20 years.

On July 14, 2015, Wilson pleaded guilty to count one pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) for a determinate sentence of 144 months' imprisonment. The presentence report determined Wilson's Guidelines range to be 168 to 210 months' imprisonment based on a total offense level of 31 and a criminal history category of V. At a sentencing hearing on October 20, 2015, the Court accepted Wilson's Rule 11(c)(1)(C) plea and sentenced Wilson to 144 months' imprisonment. Wilson did not file a direct appeal.

On April 15, 2016, Wilson filed the instant § 2255 motion raising the following issues, taken verbatim from his memorandum:

> ISSUE ONE: The conviction and sentence are unconstitutional because Movant did not receive effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.
>
> (A) Counsel's performance fell below reasonable objective standard, when he failed to object to the PSR improperly increasing his criminal history points by two (2) under § 4D1.1(d) of the United States Guidelines.
>
> (B) Counsel's performance fell below reasonable objective standard when he neglected to object[ ] to the PSR improperly increasing Mr. Wilson's offense level by two under 2D1.1(b)(1) of the United States Sentencing Guidelines.
>
> (C) Counsel's performance fell below reasonable standard when he neglected to object to PSR's 3 point increase of his criminal history for a non violent prior offense failure to stop for a blue light.
>
> (D) Counsel's performance fell below reasonable objective standard when he neglected to object to the three (3) point increase to Mr. Wilson's criminal history for a prior charge of distribution.
>
> (E) Counsel's performance fell below reasonable objective standard

when he neglected to submit a motion to quash the defective indictment.

(F) Counsel's performance fell below reasonable objective standard, when he failed to object to Mr. Wilson's offense level being increased in light of stale conduct; false and untrue facts, given in a[n] after arrest statement by Demaize Benjamin.

(G) Counsel's performance fell below reasonable objective standard, when he failed to consult with Mr. Wilson about the PSR, and provide a copy of the PSR prior to the day of sentencing.

(H) Counsel's performance fell below reasonable objective standard when he erroneously advised Mr. Wilson to enter a plea of guilty to count one of the defective indictment, which consisted of untrue facts; stale conduct, and conduct from a different conspiracy.

(I) Counsel's performance fell below reasonable objective standard when he neglected to object to the court improperly employing an old guideline to set his offense level under 2D1.1 of the United States Sentencing Guidelines.

ISSUE TWO: Lack of subject matter jurisdiction

(ECF No. 415-1 at 3-27.)

In response to Wilson's motion, the government filed a response and a motion for summary judgment along with the affidavit of Wilson's counsel, James Shadd III. Wilson filed a reply and an affidavit, and the matter is ripe for review.

## **STANDARDS OF REVIEW**

**I.    Pro Se Pleadings**

Courts are required to liberally construe pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Further, pro se complaints are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 596 (1972).

## II. Section 2255

Movant proceeds under 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the movant bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the Court has thoroughly reviewed the motions, files, and records in this case and finds that no hearing is necessary.

## III. Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

In the first section of his § 2255 motion, Wilson raises numerous claims of ineffective assistance of counsel. The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In *Strickland*, the Supreme Court held that a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient, and second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. Although *Strickland* involved a claim of ineffective assistance of counsel in a capital sentencing proceeding, the same two-part standard applies to an ineffective-assistance claim arising out of the guilty plea process. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

To demonstrate the first part of the *Strickland* test–that counsel's performance was deficient–a movant "must show that counsel's representation fell below an objective standard of reasonableness" measured "under prevailing professional norms." *Strickland*, 466 U.S. at 687-89. A court's evaluation of counsel's performance must be "highly deferential" so as not to "second-guess counsel's assistance." *Id.* "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range fo reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Att'y Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).

5

In claims (A) through (D) of his first issue, Wilson alleges that counsel was ineffective for failing to object to certain Guidelines calculations contained in the presence report. Importantly, however, as the government points out in response to Wilson's motion, Wilson entered a guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Specifically, paragraph 12 of Wilson's plea agreement provides that "both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of 144 months actual incarceration, followed by the appropriate statutory term of supervised release." (ECF No. 235 ¶ 12.)

A Rule 11(c)(1)(C) plea agreement may stipulate that "a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply[.]" Fed. R. Crim. P. 11(c)(1)(C). "[S]uch a recommendation or request binds the court once the court accepts the plea agreement." *Id.* The Fourth Circuit has consistently held that "where a sentence is imposed pursuant to a Rule 11(c)(1)(C) plea agreement, the sentence is contractual and not based on the guidelines." *United States v. Febrez*, 391 F. App'x 329 (4th Cir. 2010); *United States v. Bethea*, 369 F. App'x 485, 486 (4th Cir. 2010); *United States v. Zelazurro*, 420 F. App'x 249 (4th Cir. April 4, 2011). Moreover, a sentence to which a defendant stipulates in a valid plea agreement is neither imposed in violation of law nor as a result of an incorrect application of the Guidelines under 18 U.S.C. § 3742(c). *See United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005); *see also Freeman v. United States*, 564 U.S. 522 (2011) (considering a district court's authority to reduce a previously imposed term of imprisonment under § 3582(c)(2) where the sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement).

Here, Wilson's plea agreement provides a specific sentence upon which Wilson and the government agreed–144 months–and the plea agreement does not make this sentence dependent on the Guidelines. The Court explained to Wilson during his guilty plea hearing that the final decision to accept the negotiated plea would occur at sentencing, and at Wilson's sentencing hearing on October 20, 2015, the Court accepted the plea, specifically noting that the government and Wilson "stipulated that pursuant to Rule 11(c)(1)(C) the defendant would receive a sentence of 144 months." (ECF No. 616 at 3.) Because Wilson's plea agreement does not use a Guidelines range to determine his sentence, even if Wilson could demonstrate that his counsel's performance was deficient because he failed to object to certain Guidelines calculations, Wilson still cannot demonstrate prejudice as a result of counsel's actions. Ultimately, Wilson's sentence was based on his agreement with the government and was not dependent upon the Guidelines. Accordingly, claims (A) through (D) of issue one are without merit.

Next, in claim (E), Wilson asserts that his counsel was ineffective for failing to move to quash the allegedly defective indictment. Essentially, Wilson argues that his indictment was defective because it states that Wilson participated in a conspiracy beginning in 2004, but he was not arrested and charged until 2015, thereby violating the five-year statute of limitations in 18 U.S.C. § 3282.

After review, the Court agrees with the government that Wilson's claim is based on a misunderstanding of the law. Although the indictment was returned in 2015 and charges a conspiracy beginning in 2004, the relevant five-year limitations period did not begin to run in 2004, but rather, it began to run at the end of the conspiracy, which in this case was February 26, 2015. Moreover, "[u]pon joining a criminal conspiracy, a defendant's

membership in the ongoing unlawful scheme continues until he withdraws," and Wilson has not demonstrated an earlier withdrawal. *Smith v. United States*, 568 U.S. 106 (2013). Accordingly, the Court finds no merit to this claim.

Wilson also argues in claim (E) that a co-conspirator's statements were improperly used and were false. As the government points out, however, the cases cited by Wilson concern the use of a co-conspirator's statements at trial. Here, Wilson did not go to trial, and his conviction is based on his agreement with the government under Rule 11(c)(1)(C). Wilson's guilt was established by his own sworn statements at his plea and not by the statements of any witness. Claim (E) is without merit.

In claim (F), Wilson again argues that counsel was ineffective for failing to object to the presentence report's calculation of his total offense level. However, as explained above, Wilson's sentence was based on his agreement with the government under Rule 11(c)(1)(C) and was not based on the presentence report or the Guidelines. Thus, even if Wilson could show that counsel's performance was somehow deficient, he cannot demonstrate prejudice under the circumstances. Claim (F) is without merit.

In claim (G), Wilson contends that his counsel failed to consult with him about his presentence report prior to sentencing. A review of the sentencing transcript completely contradicts this claim. Specifically, during the sentencing hearing the Court specifically asked Wilson if he had enough time to review the report and discuss it with his lawyer, and whether Wilson understood the report. (ECF No. 616 at 2-3.) Wilson responded "Yes, ma'am," to the Court's questions. In addition, the affidavit of Wilson's counsel contradicts this claim. (ECF No. 446.)

Next, Wilson contends in claim (H) that counsel was ineffective for advising him to

plead guilty to count one of a defective indictment based on untrue facts and stale conduct. Again, this claim stems from Wilson's misunderstanding of the statute of limitations and how it applies to the conspiracy at issue as well as his misunderstanding of the use of a co-conspirator's statement. Ultimately, Wilson's counsel negotiated a favorable plea, and Wilson admitted his guilt under oath when he pleaded guilty. As the Fourth Circuit has indicated, "allegations in a § 2255 motion that directly contradict the [movant's] sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Therefore, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221-22. The Court finds claim (H) without merit.

In claim (I), Wilson contends that his counsel was ineffective for failing to object to the Court's use of an old Guidelines manual to set his offense level. As previously explained, however, Wilson's sentence was based on his negotiated plea pursuant to Rule 11(c)(1)(C) and not the presentence report's Guidelines calculation. Thus, even if Wilson could show some error on the part of counsel–which the Court does not believe–he still cannot demonstrate prejudice. *See United States v. Rivera-Martinez*, 607 F.3d 283, 287 (1st Cir. 2010) ("Absent an express statement in the plea agreement making the sentence dependent upon a guideline calculation, a sentence imposed pursuant to [a Rule 11(c)(1)(C) ] plea agreement is based on the agreement itself, not on the guidelines.").

Finally, as a second issue in his § 2255 motion, Wilson asserts that the Court lacked

subject matter jurisdiction to sentence him. In support, Wilson cites a number of basic legal principles regarding subject matter jurisdiction, and he again contends that his indictment was defective because it was based on stale conduct, untrue facts, conduct from another conspiracy, and after-arrest statements.

Here again, this claim is based on Wilson's misunderstanding of the statute of limitations as it relates to the conspiracy charge to which he pleaded guilty, as well as his misguided notion as to the applicability of the Federal Rules of Evidence concerning a co-conspirator's statements. For the reasons set forth above, the Court finds no merit to Wilson's statute of limitations claim, and the Court finds no merit to Wilson's claims regarding his co-conspirator's statements. Wilson pleaded guilty and admitted his guilt under oath, and the Court finds the conclusory allegations in his § 2255 motion that contradict his prior sworn statements to be frivolous. Wilson has not demonstrated that his plea was not knowingly and voluntarily entered,[1] and the Court finds that Wilson is not entitled to relief.

## **CONCLUSION**

For the foregoing reasons, Wilson's § 2255 motion (ECF No. 415) is DENIED, and the government's motion for summary judgment (ECF No. 481) is GRANTED.

---

[1] In *Brady v. United States*, the Supreme Court found that the defendant's plea was intelligently made when "[h]e was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties. . . . ." 397 U.S. 742, 756 (1970)). The Court also noted that a guilty plea is voluntary if "'entered by one fully aware of the direct consequences'" of the plea. *Id.* at 755 (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir.1957) (en banc), *rev'd on confession of error on other grounds*, 356 U.S. 26, 78(1958)). Here, the record indicates that Wilson's plea was entered knowingly, voluntarily, and intelligently.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
The Honorable Bruce Howe Hendricks  
United States District Judge

August 9 , 2017  
Charleston, South Carolina

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). After consideration, the Court concludes that Movant has not made the requisite showing. Accordingly, the Court denies a certificate of appealability.